IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MALCOLM CHERRY**, | Case No. 2:19-cv-353-HL |
| Plaintiff, | **ORDER** |
| v. | |
| **SERCO, INC.**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On September 13, 2022, United States Magistrate Judge Andrew D. Hallman issued his Findings and Recommendation (F&R) on Defendant's Motion for Summary Judgment and an order denying Plaintiff Malcolm Cherry's (Cherry) motion to amend the case schedule. In his F&R, Judge Hallman recommended that this Court grant Defendant's Motion for Summary Judgment. In his case scheduling order, Judge Hallman denied Plaintiff's motion to reopen and extend discovery and other pretrial deadlines or, in the alternative, to strike the declaration of one of Defendant Serco, Inc's (Serco) witnesses and for other sanctions. Cherry timely filed an objection to the F&R as well as an appeal of Judge Hallman's case scheduling order. For the reasons discussed below, the Court adopts in part Judge Hallman's F&R and affirms his order.

## A.  Standards of Review

The Federal Magistrates Act grants district courts the authority to delegate certain matters to magistrate judges. *See* 28 U.S.C. § 636(b)(1). In civil actions, a district court may designate a magistrate judge to determine any pretrial matter, except motions for injunctive relief, for judgment on the pleadings, for summary judgment, to permit or deny maintenance of a class action, to dismiss for failure to state a claim, and to involuntarily dismiss an action. 28 U.S.C. § 636(b)(1)(A). For any of these excluded motions, a district judge may designate a magistrate judge to conduct hearings and submit proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B).

Rule 72 of the Federal Rules of Civil Procedure implements the authority provided by the Federal Magistrates Act. Under Rule 72(a), a magistrate judge may "hear and decide" all referred pretrial matters that are "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). For pretrial matters referred to a magistrate judge that are dispositive of a claim or defense, in the absence of consent by all parties, Rule 72(b) allows the magistrate judge only to "enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1).

The terms "dispositive" and "nondispositive" in Rule 72 do not perfectly coincide with the categories listed in 28 U.S.C. § 636(b)(1). For example, a magistrate judge may not issue a temporary restraining order or preliminary injunction, even though such orders are not dispositive. The Ninth Circuit has held that the motions excluded from determination by a magistrate judge under § 636(b)(1)(A) "are not an exhaustive list of all the pretrial matters that are excepted from the magistrate judge's authority." *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1067 (9th Cir. 2004). As explained by the Ninth Circuit, "magistrate judges may hear and determine nondispositive matters, but not dispositive matters[.]" *Mitchell v. Valenzuela*, 791

F.3d 1166, 1168 (9th Cir. 2015). Dispositive matters include those expressly listed in § 636(b)(1)(A), as well as "analogous" matters. *Id*. "To determine whether a motion is dispositive, [the Ninth Circuit has] adopted a functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or nondispositive of a claim or defense of a party." *Id*. at 1168-69.

The distinction between a dispositive motion and a nondispositive matter is significant for the standard of review. When a party timely objects to a magistrate judge's findings and recommendations concerning a dispositive motion, the district judge shall make a de novo determination of those portions of the magistrate judge's proposed findings and recommendations to which an objection has been made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). When a party timely objects to a magistrate judge's determination of a nondispositive matter, however, the district judge may reject that determination only when it has been shown that the magistrate judge's order is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This means the Court will review the magistrate judge's factual findings for clear error and legal conclusions de novo. *See Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019).

"[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "And an order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (cleaned

up); *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021); *Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013).

**B.  Order Denying Pretrial Schedule Modification**

The same day that Cherry responded to Serco's motion for summary judgment, Cherry moved to amend the pretrial schedule under Rule 16 of the Federal Rules of Civil Procedure, specifically to reopen discovery and extend the deadline so that he could depose Megan Capozzoli (formerly Haug) and obtain documents related to her declaration submitted in support of Serco's motion for summary judgment.[1] Capozzoli formerly was employed by Serco as a Human Resources Business Partner. Capozzoli conducted the investigation into Cherry's conduct that recommended the termination of Cherry's employment.

In the alternative to his motion to extend the discovery deadlines, Cherry moved to strike Capozzoli's declaration and future testimony and for an instruction to the jury that it could infer that Capozzoli's testimony would have been unhelpful to Serco. Cherry also moved for attorney's fees and sanctions against Serco under Rule 37 of the Federal Rules of Civil Procedure for Serco's purported bad-faith conduct.

Although not expressly stating so, Judge Hallman treated Cherry's motion as one under Rule 56(d) of the Federal Rules of Civil Procedure. Judge Hallman concluded that Cherry had failed to show that he needed to take Capozzoli's deposition to respond to Defendants' motion for summary judgment, a fact that Cherry conceded at oral argument. Judge Hallman's Order,

---

[1] Cherry had previously raised this issue informally before Judge Hallman. The parties informally discussed with Judge Hallman reopening discovery, striking Capozzoli's declaration, which had been signed and produced before the motion for summary judgment was filed, and resolving Cherry's concerns. *See, e.g.*, ECF 59 (Transcript of March 22, 2022, proceedings). Judge Hallman denied reopening discovery without prejudice for Cherry to include any similar motion with his response to Serco's motion for summary judgment.

ECF 75, references his discussion on the record from the hearing on Defendant's motion for summary judgment. The Court has reviewed the transcript and agrees with and affirms Judge Hallman's discussion on this issue, considering the motion as one under Rule 56(d). Judge Hallman's factual findings are not clearly erroneous, and the Court has considered the Rule 56(d) legal issue de novo.

Even considering Cherry's motion under Rule 16, however, Cherry's motion fails.[2] Under Rule 16 of the Federal Rules of Civil Procedure, a pretrial schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "If [the party seeking amendment] was not diligent, the inquiry should end." *Id.*; *see also In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013).

Cherry did not show good cause to reopen discovery as required by Rule 16. Cherry has not shown that he acted diligently in attempting to depose Capozzoli before the close of discovery. Indeed, Cherry does not argue that he was diligent in his motion to reopen discovery, nor does he reply to Serco's argument in its response that Cherry was *not* diligent. Reviewing the record, the Court observes that the timeline makes it evident that Cherry failed to try to schedule

---

[2] The parties disagree over whether Judge Hallman's order is dispositive or nondispositive. Cherry argues that because his order implicates the motion for summary judgment, the order denying the case schedule amendment is dispositive. The Court disagrees. Declining to reopen discovery and extend the case schedule is not a dispositive order.

Capozzoli's deposition with diligence. In a declaration submitted by Serco's counsel to support its opposition to Cherry's motion to extend the discovery deadline,[3] Serco notes that it identified Capozzoli as a person of interest in this lawsuit in its Initial Disclosures and produced Capozzoli's Investigation Summary in July 2019. Serco later provided Cherry with Capozzoli's contact information and work emails in January and August 2021, respectively. Serco used the contact information provided to Cherry in January to obtain Capozzoli's declaration on November 30th, which Serco then produced to Cherry on December 1, 2021, the final day of discovery.

As his only explanation for his lack of diligence in obtaining discovery from Capozzoli, Cherry explained during the informal discovery hearing on March 28, 2022, that it was his understanding that Capozzoli was not cooperating with Serco and thus was not "participating" so her testimony could not "help [Serco]" or "hurt [Cherry]," rendering her a "nonfactor." ECF 59 at 12:25-13:2 (3/28/22 Transcript). Cherry risked that an important witness who had left Serco's employment and moved to the East Coast would remain a "nonfactor," and that risk did not work out. That, however, is not diligence.

Cherry also argues that Serco's counsel did not inform Cherry that counsel had contacted Capozzoli and that counsel produced the declaration at the last minute to Cherry but buried it with unimportant documents and did not identify it in the cover letter transmitting the discovery, making it more difficult for Cherry to realize such an important document had been turned over. That type of conduct, however, is not the focus of a Rule 16 inquiry, which focuses on *Cherry's* diligence, not *Serco's* conduct. *Johnson*, 975 F.2d at 609.

---

[3] This timeline also is corroborated by exhibits attached to Cherry's Rule 16 motion to reopen discovery, as well as discussion during a telephonic status conference with Judge Hallman on March 28, 2022, and oral argument before Judge Hallman on August 11, 2022.

Cherry knew or should have known that Capozzoli was a person of interest as early as July 2019, and Cherry had Capozzoli's contact information by January 2021. By all accounts in the record, however, Cherry did not subpoena Capozzoli for a deposition during this time, or even make a robust attempt at contacting her.[4] Without diligence, there is no good cause to reopen discovery under Rule 16. *See, e.g.*, *Boarman v. Cnty. of Sacramento*, 55 F. Supp. 3d 1271, 1276 (E.D. Cal. 2014) (denying the plaintiff's Rule 16 motion to extend discovery, so that the plaintiff could depose a witness whose name and report documenting the incident at issue were disclosed in the defendants' initial disclosures four months before the close of discovery, because the plaintiff "could have discovered [the witness's] connection to the incident and scheduled his deposition earlier"). The inquiry thus ends here.[5] *Johnson*, 975 F.2d at 609.

The Court OVERRULES Cherry's objections (ECF 78) and AFFIRMS Judge Hallman's nondispositive Order (ECF 75), denying Cherry's motion to extend discovery or, in the alternative, to strike Capozzoli's declaration (ECF 60).

## C. Findings & Recommendation

Cherry timely filed an objection to the F&R, raising several allegations of error.[6] Cherry first objects that the F&R impermissibly weighs evidence and resolves certain facts in favor of

---

[4] In the discovery conference with Judge Hallman on March 28, 2022, Cherry's counsel explained that he believed his "office made at least one attempt to reach out to her [Capozzoli] by telephone, but she's on the East Coast. It's not the most—you know, it's not, logistically, the easiest witness to contact and make appear for a deposition here." ECF 59 at 8:5-9.

[5] Cherry argues that Serco failed to make Capozzoli available to Cherry for deposition, despite Cherry asking for Serco to do so. Cherry, however, cites no authority in support of the proposition that an employer must take responsibility for a *former* employee in this way.

[6] Serco responded to the objections, raising, among other arguments, that Cherry's objection is procedurally defective because it is not "specific" enough to comply with Rule 72(b)(2) of the Federal Rules of Civil Procedure. The Court disagrees and resolves the objections on the merits after a de novo review.

Serco, rather than construing the facts in the light most favorable to Cherry, as is required at summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Cherry also contends that the F&R omits facts material to Cherry's discrimination and retaliation claims. The Court declines to adopt the F&R's background recitation of facts, because not all the facts are described in the light most favorable to Cherry. Nonetheless, after viewing the facts in the light most favorable to Cherry, the key facts show that there is no genuine dispute of material fact regarding pretext.

According to Cherry, his supervisor, John Bustard engaged in sexist and racist conduct and Cherry complained about that conduct. When the conduct did not change and Bustard did not get disciplined, about a year later, in frustration, Cherry told Bustard: "If you weren't my boss, I'd beat the shit out of you." ECF 63 at 1. After Cherry made this statement, Capozzoli investigated Cherry's comment in her role as Serco's Human Resources representative. Serco had a Code of Conduct disallowing threats as well as a policy against workplace violence, the latter of which explicitly mentions termination as a possibly consequence for violations. Serco terminated Cherry's employment because, Serco stated, Cherry violated its workplace policies.

Cherry admits to making the statement to Bustard and there is no dispute that Serco had policies against workplace violence. Cherry provides no evidence that he was treated differently than other similarly situated employees, such as that other employees outside of his protected class or who did not engage in protected activity made similar threats and were only given a warning or some other discipline lesser than termination. Cherry provides no evidence of a causal link between his protected class or protected activity and his termination. And, as the F&R discusses, he does not allege a "cat's paw" theory of liability.

Even viewed in the light most favorable to Cherry, the facts show that Serco terminated Cherry because he threatened his supervisor and Serco took a zero-tolerance disciplinary approach to Cherry's comment. The record presents no genuine dispute of material fact suggesting that Serco terminated Cherry for pretextual reasons. After reviewing the issues de novo and construing the facts in the light most favorable to the nonmoving party, the Court agrees with the reasoning and analysis of the F&R and adopts the remainder of the F&R. Plaintiff's remaining objections are unavailing, as discussed below.

Cherry objects that the F&R misconstrues the test for sufficient evidence in an employment discrimination claim. Cherry cites *Poland v. Chertoff* for the proposition that a reasonable jury could draw an inference of discrimination when the perpetrator of discrimination was not himself the final decisionmaker, but he still influenced or affected the final decisionmaker. 494 F.3d 1174, 1182 (9th Cir. 2007). As the F&R specifically discusses and as Serco points out in its response, however, Cherry has not asserted any claim under a "cat's paw" theory of liability. Either way, the Court agrees with the F&R that Cherry fails to provide sufficient evidence showing that Serco's legitimate, nondiscriminatory business rationale for terminating Cherry was pretext. The Court thus adopts this portion of the F&R.

Cherry next objects to the F&R's recommendation to grant summary judgment on Cherry's employment retaliation claim. Cherry argues that the journal of his supervisor, John Bustard (Bustard), which the F&R does not allude to, contains direct evidence of unlawful retaliation. Direct evidence is that which "proves the fact of discriminatory animus without inference or presumption." *Vasquez v. Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003) (cleaned up). Bustard's journal entries do not do so. Cherry also contends that the F&R errs by analyzing the temporal proximity between Cherry's protected activity and his termination as though it is

the only indirect evidence of discriminatory retaliation. As Serco notes, however, the F&R examines temporal proximity on its own *because* Cherry provides no other indirect evidence. The only other evidence mentioned by Cherry in his objection to the F&R that purportedly relates to Cherry's retaliation claim is that after once wearing an offensive shirt, Cherry's supervisor Bustard was never disciplined, thought he had done nothing wrong, and believed it was his decision whether to continue wearing that shirt. These facts are not material to Cherry's claim of *retaliation* for reporting race discrimination, as the F&R concludes. The Court adopts this portion of the F&R.

Cherry's last objection challenges the F&R's reliance in its background section on Capozzoli's declaration, discussed above, to support certain statements related to Serco's investigation of Cherry's behavior. Cherry now argues that the F&R's use of Capozzoli's declaration for factual background shows that Cherry's motion to reopen discovery should have been granted, and thus that summary judgment should be denied.

First, the Court has declined to adopt the F&R's factual section, rendering this objection moot. Second, Cherry misstates the role of Capozzoli's declaration in the F&R. The F&R does not, as Cherry claims, cite Capozzoli's declaration for the conclusion that her investigation was unbiased. The F&R instead cites Capozzoli's declaration to describe Capozzoli's role as a representative of Serco's Human Resources Department; to state Capozzoli's investigative process, findings, and recommendation; and to note that Capozzoli did not possess the final decision-making authority to terminate Cherry's employment. Cherry did not dispute these facts at oral argument[7] and does not dispute them in his objection to the F&R. Thus, the F&R's

---

[7] At oral argument, Cherry's counsel asserted that "Defendant is going to argue on summary judgment, as they will at trial, that [Capozzoli] was the decision-maker." ECF 74

inclusion of these facts does not require the Court to grant Cherry's motion under Rule 16 or Rule 56(d), even if the Court had adopted this portion of the F&R.

For those portions of the F&R to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent. The Court thus adopts those portions of the F&R.

## CONCLUSION

The Court ADOPTS IN PART the Findings and Recommendation, ECF 76. The Court declines to adopt the factual background section. The Court adopts the remainder of the F&R. The Court GRANTS Defendant's Motion for Summary Judgment, ECF 47. The Court AFFIRMS Judge Hallman's Case Scheduling Order, ECF 75, denying Plaintiff's Motion for Extension of Discovery & PTO Deadlines or alternatively Motion to Compel or Motion to Strike Declaration of Capozzoli for Summary Judgment, ECF 60.

**IT IS SO ORDERED.**

DATED this 10th day of January, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

_____

at 5:16-17. Serco, however, argues that Capozzoli was *not* the final decisionmaker for Cherry's termination. If anything, this statement suggests that there is no dispute over this fact.